*Court*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_ORLANDO_ Division

CIVIL RIGHTS COMPLAINT FORM

_CHARLES F. WHITESELL_

CASE NUMBER:_____
(To be supplied by Clerk's Office)

*6-07- CN-1682-ORL-19KRS*

_____
_____
(Enter full name of each Plaintiff and prison
number, if applicable)

v.

_BREVARD COUNTY SHERIFF DEPARTMENT_

_SHERIFF JACK PARKER_

_ARMOR CORRECTIONAL HEALTH SERVICES, Inc_

_____
(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).
_____/

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT: _BREVARD COUNTY DETENTION_
                                    (Indicate the name and location)

_FACILITY, 860 CAMP ROAD, COCOA FL 32927_

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following
questions]

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( ) NOT APPLI CABLE

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No ( ) NOT APPLICABLE

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( ) NOT APPLICA BLE

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )  *NOT APPLICABLE*

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.  <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )  *NOT APPLICABLE*

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )  *NOT APPLICABLE*

4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.  <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __18TH__ day of __~~SEPTEMBER~~ ~~OCTOBER~~ OCTOBER__, 20 07.

_Charles L. Whitesell_
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (X) No ( )

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes (X) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure?  Yes (X) No ( )

C.   If your answer is YES:

   1.   What steps did you take? FILED SEVERAL REQUEST AND GRIEVANCE FORMS REQUESTING MEDICAL ATTENTION

   2.   What were the results? NO MEDICAL ATTENTION UNTIL IT WAS TOO LATE, NO ANSWERS TO GRIEVANCES.

   3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: I AM SUBMITTING WHAT I HAVE. JAIL HAS DISTROYED MANY COMPLAINTS AND HAS REFUSED TO RESPOND TO OTHERS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 18TH day of OCTOBER , 2 006 .

*Charles F. Whitsell*
Signature of Plaintiff

IV.    PREVIOUS LAWSUITS:

A.    Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (  ) No (X)

B.    Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (  ) No (X)

C.    If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1.    Parties to previous lawsuit:

      Plaintiff(s): _NOT APPLICABLE_____

      _____

      Defendant(s): _NOT APPLICABLE_____

   2.    Court (if federal court, name the district; if state court, name the county):

      _____NOT APPLICABLE_____

   3.    Docket Number: _NOT APPLICABLE_____

   4.    Name of judge: _NOT APPLICABLE_____

   5.    Briefly describe the facts and basis of the lawsuit: _____

      _____NOT APPLICABLE_____

      _____

   6.    Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

      _____NOT APPLICABLE_____

      _____

   7.    Approximate filing date: ____NOT APPLICABLE_____

   8.    Approximate disposition date: __NOT APPLICABLE_____

D.    Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

NOT APPLICABLE

V. PARTIES: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: CHARLES F. WHITESELL

   Mailing address: 1735 NW PORT MALABAR BLVD

   PALM BAY, FL. 32905

B. Additional Plaintiffs: NONE

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: BREVARD COUNTY SHERIFF DEPARTMENT

   Mailing Address: 1700 S. PARK AVE

   TITESVILLE, FL, 32780

   Position: SHERIFF DEPARTMENT

   Employed at: SHERIFF DEPARTMENT

D. Defendant: JACK PARKER

   Mailing Address: 1700 S, PARK AVE

   TITESVILLE, FL, 32780

   Position: SHERIFF

   Employed at: BREVARD COUNTY SHERIFF DEPARTMENT

E. Defendant: _ARMOR CORRECTIONAL HEALTH SERVICES, INC_

Mailing Address: _860 CAMP ROAD_

_COCOA, FL   32927_

Position: _MEDICAL CONTRACTOR_

Employed at: _BREVARD COUNTY DETENTION FACILITY_

F. Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

G. Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

VI.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

8TH AMENDMENT

14TH AMENDMENT

VII.   STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

DC 225 (Rev. 9/03)

ON AUGUST 22, 2007 THE PLAINTIFF WAS BOOKED INTO THE BREVARD COUNTY DETENTION FACILITY. THE PLAINTIFF WAS HOUSED IN THE JAIL CLINIC, AFTER BOOKING, PENDING THE APPROVAL OF A MEDICAL BOOT HE HAD ON HIS LEFT FOOT AND ANKLE. THE PLAINTIFF ALSO HAD A CAST ON HIS LEFT WRIST. THE LEFT FOOT HAD SOFT TISSUE DAMAGE AND THE LEFT WRIST WAS BROKEN IN TWO PLACES. WHEN EXAMINED THAT SAME DAY THE PLAINTIFF ADVISED THE DOCTOR THAT HIS CAST WAS TO BE REMOVED THAT WEEK AS WELL AS THE MEDICAL BOOT AND DIFFERENT DEVICES PUT ON. IT WAS ALSO RELATED THAT THEIR WAS A STRONG POSSIBILITY THAT AN OPERATION WOULD BE NECESSARY. THIS WOULD DEPEND ON HOW THE X RAY'S LOOKED.

THE PLAINTIFF MADE SEVERAL REQUEST AND INMATE GRIEVANCES WHICH WERE LEFT UN-ANSWERED. THE PLAINTIFF DID NOT RECEIVE ANY MEDICAL ATTENTION FOR HIS INJURIES UNTIL WEEKS LATER. WHEN HE DID MEET WITH THE JAIL DOCTOR HE STATED THAT AN APPOINTMENT WOULD BE MADE WITH AN "OUT SIDE" DOCTOR TO HAVE HIS INJURIES LOOKED AT. THE PLAINTIFF ADVISED THE DOCTOR THAT HE WAS A VETERAN AND WAS BEING TREATED FOR HIS INJURIES THERE. THE DOCTOR DID NOTE THAT INFORMATION. WEEKS PASSED WITH NO APPOINTMENT BEING MADE AT THE VA OR AN OUTSIDE DOCTOR.

9.

ON SEPTEMBER 25, 2007 THE PLAINTIFF APPEARED BEFORE JUDGE RHONDA E BABBS. DURING THAT APPEARENCE THE PLAINTIFF MADE A COMPLAINT TO THE JUDGE, UNDER OATH, PERTAINING TO THE MEDICAL INDIFFERENCE WHICH HE FELT WAS INTENTIONAL CRUEL AND UNUSUAL PUNISHMENT. HE FURTHER STATED THAT HE WAS A VETERAN AND THAT HE WAS BEING TREATED AT THE VETERANS CLINIC IN VIERA, FLORIDA WHICH IS WALKING DISTANCE FROM THE VIERA COURTHOUSE. THE PLAINTIFF FURTHER ADVISED JUDGE BABBS THAT THE JAIL MEDICAL DEPARTMENT HAD BEEN REFUSING TO TREAT HIS INJURIES. AT THAT TIME JUDGE BABBS CALLED TO COURT A LADY FROM JAIL OVERSITE. JUDGE BABBS INSTRUCTED THE LADY TO INVESTIGATE THE PLAINTIFFS COMPLAINT AND TO REPORT BACK TO HER.

ON SEPTEMBER 26, 2007 THE PLAINTIFF WAS ESCORTED TO THE JAIL CLINIC WHERE HE MEET WITH HEAD NURSE "CAROL" AND THE JAIL OVERSITE LADY. DURING THE MEETING THE PLAINTIFF ADVISED THAT HE HAD TO "GIVE UP" HIS CANE FOR A WHEEL CHAIR BECAUSE OF HIS BAD KNEES. THE PLAINTIFF STATED THAT HE STILL NEEDED HIS CANE TO GET IN AND OUT OF THE CHARE AND TO EXERCISE. HE FURTHER STATED THAT THE DOCTOR HAD ADVISED HIM 30 DAYS AGO THAT HE WAS MAKING AN APPOINTMENT WITH A PRIVATE ORTHO PAEDIC DOCTOR BUT HE HAD

9 A

NEVER BEEN TAKEN. FURTHERMORE "CAROL" DISCOVERED THAT *THE MEDICAL UNIT HAD NOT BEEN GIVING HIS MEDICATION FOR BI POLOR, ANXIETY AND DEPRESSION.* "CAROL" *THEN ADVISED THAT AGENCY DID NOT CONTACT* CONTACT *THE VETERANS ADMINISTRATION FOR AN APPOINTMENT NOR HAD AN APPOINT BEEN MADE WITH AN OUT SIDE ORTHOPAEDIC CLINIC. THE PLAINTIFF STATED THAT HE WAS CONFUSED TO WHY THE MEDICAL UNIT WAS WILLING TO PAY FOR HIM TO SEE AN "OUTSIDE" DOCTOR INSTEAD OF TAKING HIM TO THE V.A. TO BE TREATED FOR FREE.* "CAROL" STATED TO *THE PLAINTIFF THAT* "THINGS DON'T ALWAYS MAKE SENCE AROUND HERE". SHE FURTHER STATED THAT IT WOULD TAKE "A COURT ORDER" FOR THE PLAINTIFF TO GO TO THE VA.. THE PLAINTIFF THEN LOOKED AT THE PRISON OVER SIGHT LADY AND STATED, "THAT SHOULDN'T BE A PROBLEM SHOULD IT? TO WHICH SHE STATED "NO".

ON OCTOBER 3, 2007, WHILE AT THE CLINIC, THE PLAINTIFF WAS INFORMED BY "CAROL" THAT HE WOULD BE GOING TO THE V.A. CLINIC "VERY SOON".

ON OCTOBER 3, 2007, THE PLAINTIFF WAS INFORMED THAT HE "DID" HAVE AN APPOINTMENT ON OCTOBER 1, 2007 BUT THE VETERANS ADMINISTRATION POLICE WOULD NOT ALLOW ARMED COUNTY OFFICERS IN THE CLINIC DUE TO FEDERAL RULES. THE DETENTION FACILITY STAFF CHOSE TO KEEP THEIR WEAPONS ON AND DENY

9 B

THE PLAINTIEF MEDICAL TREATMENT AT THE VA CLINIC.
IT SHOULD BE KNOWN THAT THE VA HAS SEVERAL
OFFICERS ON DUTY AT ALL TIMES.

ON OCTOBER 5, 2007 THE PLAINTIFF WAS CALLED
TO THE MELBOURNE COURTHOUSE WHERE HE APPEARED
BEFORE JUDGE BENJAMIN B. GARAGOZLO. DURING
THAT COURT APPEARENCE THE PLAINTIFF, ONCE AGAIN,
MADE A COMPLAINT, UNDER OATH, ABOUT THE MEDICAL
INDIFFERENCE AND CRUEL AND UNUSUAL PUNISHMENT
HE WAS RECEIVING AT THE JAIL. JUDGE GARAGOZLO
ORDERED THE PUBLIC DEFENDER TO SCHEDUAL A BAIL
REDUCTION HEARING AS SOON AS POSSIBLE AND ALSO
ADVISED THE PROSECUTER, "YOUR OBJECTION IS NOTED
A HEAD OF TIME." "I WANT THIS MAN OUT OF JAIL, I
DO NOT WANT THE TAX PAYERS TO FOOT HIS MEDICAL
BILL". IT IS FELT THAT JUDGE GARAGOZLO MENT THIS
IN A POSITIVE WAY AS HE KNEW THAT THE PLAINTIFF
HAD FREE MEDICAL CARE AT THE V.A.

ON OCTOBER 8, 2007 THE PLAINTIFF WAS
TRANSPORTED TO 220 N. SYKES CREEK PKWY., SUITE 200,
MERRITT ISLAND, FL 32953-3409. THAT WOULD BE
THE "SPACE COAST ORTHOPAEDIC CENTER". THE PLAINTIFF
WAS SEEN BY HANI H. EL KOMMOS M.D.(C)
F.A.A.O.S.. DURING THE EXAMINATION THE CAST
ON THE PLAINTIFF'S LEFT WRIST WAS REMOVED. THE

9C

PLAINTIFF DISCOVERED THAT THE INSIDE PADDING HAD
ALMOST DISINAGRATED FROM BEING ON TOO LONG. THE
CAST HAD BECOME OLD, CRUMBLY AND HAD A VERY FOUL ODOR
TO IT. X RAYS WERE ALSO TAKEN. UPON CHECKING THE
X RAYS OF THE WRIST IT WAS DISCLOSED THAT IT HAD
HEALED WRONG AND THAT HE WOULD NOT REGAIN FULL
USE OF THE HAND & WRIST. ALL OF THIS WAS DUE TO
THE PLAINTIFF NOT GETTING HIS X RAYS DONE ON TIME
AND IF IT WAS NOT HEALING RIGHT AN OPERATION WOULD BE
NECESSARY. IT IS FELT THAT THE JAIL STAFF AND THE
MEDICAL UNIT HAD FAILED TO OBTAIN ANY DOCTORS APPOINTMENT
FOR THE PLAINTIFF BECAUSE THEY DID NOT WANT TO
PAY FOR TREATMENT OF THE PLAINTIFF. THEY WERE STALLING
TREATMENT UNTIL THE PLAINTIFF WAS RELEASED. DR. HANI
H. KOMMOS HAD A SPLINT PLACED ON HIS WRIST AND
WAS TOLD TO "TRY AND WORK IT".

     WHILE BEING TRANSPORTED BACK TO THE JAIL
HE COMPLAINED THAT HE FELT A LOT OF PAIN AS A RESULT
OF THE EXAMINATION AND WAS ANGRY ABOUT THE
RESULTS OF THE EXAMINATION. ONE OF THE TRANSPORTING
OFFICERS STATED, "IF YOU ARE TRYING TO GET ANY PAIN
MEDICATION IT AIN'T GONNA HAPPEN". "YOU WILL ONLY BE
GETTING IS ASPRIN". HE FURTHER STATED "IF YOU WANTED
TO GET TREATED THEN HE SHOULD NOT OF COME TO
JAIL.

                         9 D

IT IS FELT THAT DUE TO THE INTENTIONAL MEDICAL INDIFFERENCE THE PLAINTIFF SUFFERED UNNNESSARY PAIN AND ANGUISH. THE PLAINTIFF ALSO SUFFERED PERIMENT DAMAGE DUE THE JAIL'S INDIFFERENCE. THIS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

9E

VIII                    RELIEF REQUESTED

AFFIANT REQUEST COMPENSATORY AND PUNITIVE
DAMAGES FROM SHERIFF JACK PARKER AS AN INDIVIDUAL
AND IN HIS OFFICIAL CAPASSITY. COMPENSATORY AND
PUNITIVE DAMAGES FROM THE BREVARD COUNTY SHERIFF
DEPARTMENT. COMPENSATORY AND PUNITIVE DAMAGES
FROM ARMOR CORRECTIONAL HEALTH SERVICES, INC.

SHERIFF PARKER IS THE SHERIFF OF BREVARD
COUNTY, FLORIDA. AS SHERIFF HE CONTROLS THE
DEPARTMENT AND THE DETENTION CENTER IS PART OF
THAT DEPARTMENT. HE IS RESPONSIBLE FOR PUBLIC
SAFETY AS WELL AS THE CUSTODY, CONTROL AND
WELFAIR OF PRISONERS IN HIS JAIL. THIS IS TO
INCLUDE MEDICAL TREATMENT. PLAINTIF SUFFERED
UNNESSARY PAIN AND SUFFERING DUE TO MEDICAL INDIFFERENCE.
BY ARMOR CORRECTIONAL HEALTH SERVICES, INC. THEY
ARE THE MEDICAL CONTRACTORS FOR THE JAIL. IT IS
FURTHER ALLEGED THAT ARMOR CORRECTIONAL WAS
INDIFFERENT TO THE BASIC NEEDS OF THE PLAINTIFF
IN THAT THEY REFEADLY IGNORED REQUEST AND
LATER GRIEVANCES BY THE PLAINTIFF FOR REQUIRED
X-RAYS AND CAST REMOVAL. HAD THIS BEEN DONE
IT WOULD OF REVEALED THAT AN OPERATION WOULD
BE NECESSARY TO CORRECT THE FACT THAT IT WAS NOT
HEALING PROPERLY. IT HAD TO TAKE THE CONCERN
OF TWO JUDGES BEFORE THE PLAINTIFF WAS
TAKEN TO A CIVILIAN, OUTSIDE DOCTOR TO BE

9F

EXAMINED. THIS WAS TOO LATE AS THE PREVENTABLE DAMAGE HAD ALREADY BEEN DONE. TO QUOTE ONE OF THE OFFICERS THAT TRANSPORTED THE PLAINTIFF TO THE DOCTORS OFFICE, "IF YOU WANTED MEDICAL TREATMENT YOU SHOULD OF NOT GOTTEN ARRESTED".

AS A RESULT OF THIS GROSS MEDICAL INDIFFERENCE THE PLAINTIFF HAS LOST FULL USE OF HIS LEFT WRIST. THE PLAINTIFF WAS WORKING DAY LABOR PRIOR TO HIS ARREST BECAUSE HE WAS BETWEEN JOBS. THE PLAINTIFF IS A HIGHLY EXPERIENCED MEAT CUTTER. BY LOOSING FULL USAGE OF HIS WRIST HE WILL NOT BE ABLE TO BE IMPLOYED AS A MEAT CUTTER. HAD PROPER AND TIMELY MEDICAL TREATMENT BEEN GIVEN, PERMINENT DAMAGE WOULD NOT OF OCCURRED.

THE AFFIANT REQUEST THAT THE SHERIFF BE REQUIRED TO EMPLOY A FULL TIME DOCTOR TO STAFF THE CLINIC INSTEAD OF A PART TIME DOCTOR. IT IS FURTHER REQUESTED THAT THE SHERIFF DEPARTMENT'S PROTOCALL FOR THE DETENTION FACILITY BE REVIEWED SO THAT THE GENERAL ATTITUDE OF, "IF YOU WANTED MEDICAL TREATMENT YOU SHOULD NOT OF GOTTEN ARRESTED", ATTITUDE DOES NOT HAPPEN AGAIN. THE MEDICAL CLINIC MADE NO ATTEMPT WHATSOEVER TO CONTACT THE CLINIC OF THE VIERA, VETERANS ADMINISTRATION AND CHECK ON THE PLAINTIFFS TREATMENT AND FURTHER TREATMENT NEEDED.

9G

IF THIS HAD ALSO BEEN DONE AS A MATTER OF PROTOCIAL INSTEAD OF INDIFFERENCE THE PERMINENT DAMAGE WOULD NOT OF OCCURRED.

THE PLAINTIFF FURTHER REQUEST, BECIDES THE COMPENSATORY AND PUNATIVE DAMAGE, THAT THE DEFFENDENTS BE RESPONSIBLE FOR ANY FURTHER MEDICAL TREATMENT TO INCLUDE OPERATIONS AS A RESULT OF THIS CLAIM. THAT THE DEFFENDENTS COMPENSATE THE PLAINTIFF FOR REHABILITATION OF HIS INJURY, OCCUPATIONAL THEARPY AND MONATARY LOSS OF INCOME AS A RESULT OF THEIR OUTRAGIOUS TREATMENT OF THE PLAINTIFF AT MEAT CUTTERS WADGES AND NOT DAY LABOR AS THE PLAINTIFF IS, BY TRADE, A MEAT CUTTER.

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this __18 TH__ day of __OCTOBER_____, 2 00 7 .

Charles F. Whitsell

(Signatures of all Plaintiffs)

## INMATE GRIEVANCE

CHARLES F. WHITESELL

**INMATES NAME (PRINT)**          MEDICAL

9202   CELL #          09-03-07   DATE

**COMPLAINT:** THIS IS A REPRODUCTION OF A GRIEVANCE WHICH WAS WRITTEN + TURNED IN ON 08-24-07 AND WAS QUESTIONABLEY LOST BY JAIL STAFF. ON 08-24-07 AT ABOUT 1630 HOURS I FELL VICTUM OF EXCESSIVE AND UNNESSARY USE OF FORCE BY ONE OF THE JAIL OFFICERS. UPON MY BOOKING I WAS BROUGHT TO THE MEDICAL UNIT & COURT BY WHEEL CHAIR. BECAUSE OF AN INJURY AND A MEDICAL DEVICE I HAVE ON I WAS NOT ABLE TO WALK. THIS WAS QUITE CLEAR TO ALL STAFF. THE OFFICER IN QUESTION WAS FORCEING ME TO WALK, UNASSISTED, WHICH I COULD NOT DO. HE WAS NOT ADVISED BY MEDICAL STAFF THAT A CHAIR, CRUTCH OR CAIN WAS NECESSARY. WHEN THE OFFICER ASKED THEM, THEY KNEW NOOTHING. THIS ERROR IN A ROUTINE MATTER AND UNIT TRANSFER HELPED TO ESOULATE THINGS UNNESSARILY.

Charles F. Whitesell

@ 9 SEP 07

**INMATE'S SIGNATURE**

**DATE & TIME**

574

**RECEIVED BY : (OFFICERS NAME AND ID #)**

**ANSWER:**

**OFFICER'S NAME AND ID #**

# INMATE GRIEVANCE

CHARLES F. WHITESELL
INMATES NAME ( PRINT)

CELL # 9202          DATE 9-9-07

COMPLAINT: I HAVE BEEN TRYING FOR TWO WEEKS TO WORK WITH
MEDICAL TO HAVE MY HEARING AID BROUGHT IN, WITH NO RESULTS.
~~PROPERLY~~ PROPERTY ~~was~~ TURNED BACK WHEN IT WAS BROUGHT IN AS
MEDICAL DID NOT ADVISE THEM IT WAS COMING. WHEN MEDICAL DID
ADVISE THEM AND THE HEARING AID WAS BROUGHT IN THEY GAVE IT
TO MEDICAL. NOW MEDICAL KNOWS NOTHING ABOUT IT. I
AM GETTING THE RUN AROUND ON THIS.

MEDICAL HAS REFUSED TO SCHEDUAL NESSARY APPOINTMENTS
WITH THE VA TO GET MY OTHER HEARING AID. ALSO FOR CAST
REMOVAL ON MY WRIST SO A BRACE CAN BE PUT ON. ALSO
BRACE ON ANKLE TO BE REMOVED AND A DIFFERENT ONE
PUT ON. "FAILURE TO PROVIDE MEDICAL TREATMENT.

Charles F. Whitesell
INMATE'S SIGNATURE

9/9/07  11:00
DATE & TIME

M. Edman # 902
RECEIVED BY : ( OFFICER'S NAME AND ID # )

ANSWER: _____

_____

_____

OFFICER'S NAME AND ID #

WHITE AND YELLOW : CLASIFICATION

B.O.J. 004   REV. RISOGRAPH 01/18/02

## INMATE GRIEVANCE

Reep.

CHARLES F. WHITESELL                              9202        0-10-07
INMATES NAME (PRINT)                              CELL #       DATE

COMPLAINT: I HAVE SENT IN NUMERIOUS REQUEST FORMS, MEDICAL REQUEST AND GRIEVANCES REGUARDING HAVING A HEARING AID BROUGHT IN. ALL WITH NO RESPONSE. ALL IGNORED. I WOULD LIKE THIS SITUATION RETROFIED ASAP.

REFFERENCE: INMATE HANDBOOK "NO INMATE WILL BE DENIED MEDICAL CARE FOR ANY REASON

REFFERENCE: FLORIDA ADMINISTRATIVE CODE "INMATE GRIEVANCE" THAT HAVE BEEN ATTEMPTED WITH NO RESULTS. 33-103.005, 33-103.007, 33-103.008

REFFERENCE: FLORIDA JURISPRUDENCE, SECOND EDITION VII "PRISONERS' RIGHTS AND CONDITIONS OF CONFINEMENT" 41 FLA. JUR 2nd PRISONS AND PRISONERS § 69

NOTE: MEDICAL SAYS NOTIFY PROPERTY, PROPERTY SAYS NOTIFY MEDICAL. I HAVE NOTIFIED BOTH.

                                        Charles F. Whitesell
MSR  F SO                               INMATE'S SIGNATURE

RECEIVED BY: (OFFICERS NAME AND ID #)                    DATE & TIME

ANSWER: PLEASE WHOMEVER THAT IS GOING TO BRING THE HEARING AIDS CALL ME AT 690-1505. TELL TO LEAVE A MESSAGE IF I'M NOT IN MY OFFICE.

Mg. Brown

                                        OFFICER'S NAME AND ID #

WHITE AND YELLOW : CLASSIFICATION

B.O.J. 004   REV. RISOGRAPH 01/18/02

# INMATE GRIEVANCE

CHARLES F. WHITESELL                          9202        0910-07
**INMATE'S NAME ( PRINT )**                    **CELL #**   **DATE**

**COMPLAINT:** I HAVE SENT IN NUMERIOUS REQUEST FORMS, MEDICAL REQUEST AND GRIEVANCES. REGUARDING HAVING A HEARING AID BROUGHT IN. ALL WITH NO RESPONSE. ALL IGNORED. I WOULD LIKE THIS SITUATION RETROFIED ASAP.

**REFFERENCE:** INMATE HANDBOOK "NO INMATE WILL BE DENIED MEDICAL CARE FOR ANY REASON

**REFFERENCE:** FLORIDA ADMINISTRATION CODE "INMATE GRIEVANCE" THAT HAVE BEEN ATTEMPTED WITH NO RESULTS. 33-103.005, 33-103.007, 33-103.008

**REFFERENCE:** FLORIDA JURISPRUDENCE ; SECOND EDITION VII "PRISONERS' RIGHTS AND CONDITIONS OF CONFINEMENT" 41 FLA. JUR 2nd PRISONS AND PRISONERS § 69

**NOTE:** MEDICAL SAYS NOTIFY PROPERTY, PROPERTY SAYS NOTIFY MEDICAL. I HAVE NOTIFIED BOTH.

Charles F. Whitesell
**INMATE'S SIGNATURE**

**RECEIVED BY : ( OFFICER'S NAME AND ID # )**          **DATE & TIME**

**ANSWER:** _____
_____
_____
_____
_____
_____
_____
_____

**OFFICER'S NAME AND ID #**

WHITE AND YELLOW : CLASSIFICATION

B.O.I. 004    REV. RISOGRAPH 01/19/02

ATTN:
SCT ~~RUSH~~
BLUSH,

**INMATE GRIEVANCE** #07001860

CHARLES F. WHITESELL
INMATE'S NAME (PRINT)

9202     09-25-07
CELL#     DATE

**COMPLAINT:** THIS IS ONE OF THREE GRIEVANCES THAT ALL TIE IN TOGETHER. ONE WAS LOST ALONG WITH THIS ONE. ONE FILED AND NEVER ANSWERED EVEN THOUGH MAJ BROWN ASSIGNED IT TO LT ROBERTSON. THAT EXPLAINS THE KIND OF FORCE FTO FERGUSON USED ON ME. THIS ONE IS DIRECTED A MEDIALS FOUL UP WITH THE INCIDENT THAT THIS ONE IS WAY PAST THE TIME LIMIT FOR AN ANSWER. WHEN I SENT IN A FOLLOW UP GRIEVANCE ABOUT THAT IT CAME BACK BLANK, NO ANSWER. THE DUE DATE ON THAT ONE WAS 09-14-07. THE DATE ON IT WAS 08-24-07. IT WOULD APPEAR THAT NO ONE WANTS TO DO ANYTHING ABOUT THIS INCIDENT SO IT IS BEING IGNORED. I HAVE YET TO BE ASKED ABOUT IT BY ANYONE. MAJ. BROWN HAS NOT RETURNED ANY PHONE MESSAGES FROM MY PEOPLE EITHER.

Charles F Whitesell
INMATES SIGNATURE

9202 09-25-07
DATE & TIME

Co. Prince   S.I.6
RECEIVED BY: (OFFICERS NAME AND ID #)

**ANSWER:**

_____
OFFICER'S NAME AND ID #

WHITE AND YELLOW : CLASSIFICATION

B.O.I. 004   REV. RISOGRAPH 01/16/02

✳ ATTN MS CAROL

1027

## MEDICAL GRIEVANCE
## INMATE GRIEVANCE

CHARLES F. WHITESELL _____          9202      10-02-07
        INMATE'S NAME (PRINT)                CELL #      DATE

**COMPLAINT:** ON 09-28-07 MS. CAROL ADVISED ME THAT I WOULD BE TRANSPORTED
TO THE VIERA VA. I WAS ALSO TOLD THAT MY "CANADIAN CANE" WAS APPROVED.
MS. CAROL ASKED ME WHEN THE CANE WAS GOING TO BE BROUGHT IN. I SAID
I DID NOT KNOW YET AS THE PHONES IN THE POD WERE BROKEN. I SAID
IF I COULD GET THROUGH POSSIBLY IT WOULD COME SATURDAY. MS. CAROL
ADVISED TO HOLD OFF IF I COULD THAT I WOULD BE GOING TO THE VA
"VERY SHORTLEY" OR "VERY SOON. I HAVE YET TO GO AS OF THIS WRITING.
FURTHER MORE YOU HINTED AROUND ME DROPING THE CIVIL RIGHTS COMPLAINT
I HAVE AGAINST "ARMOR CORRECTIONAL HEALTH SERVICES INC". I SAID
I WOULD DEPENDING ON THE OUTCOME OF MY VA VISIT. THAT I FELT
MY INJURIES WERE MADE WORST WHEN I WAS BATTERED DURING MY STAY IN
THE HOSPITAL UNIT. ALSO WHEN MS. CAROL DISCOVERED THAT MY PRIOR GRIEVANCES
WERE LOST/DISTROYED PRIOR TO GETTING TO MS CAROL    Charles F Whitesell
SHE GOT COPIES OF THEM FROM ME. SHE STATED               INMATE'S SIGNATURE
THAT SHE WOULD ANSWER THEM WHICH WAS NOT DONE

RECEIVED BY : (OFFICER'S NAME AND ID #)    PR  10/2/7    DATE & TIME
                                                          10

**ANSWER:** I/m WHITESELL - your family may bring your cane into
the facility but it will be inspected by security. It may then be
given to you or placed in property depending on the security check.
You have an ortho appointment very soon. - mc A  HSA

_____

_____

_____

_____

                                    OFFICER'S NAME AND ID #

WHITE AND YELLOW : CLASSIFICATION

B.O.I. 004    REV. RISOGRAPH 01/16/02                 recei
                                                     10/5/07

*✱ Atto Ms Carol*

## MEDICAL GRIEVANCE
## INMATE GRIEVANCE

CHARLES F. WHITESELL                                    9202        10-02-07
_____                      CELL #       DATE
INMATES NAME (PRINT)

**COMPLAINT:** ON 09-28-07 MS. CAROL ADVISED ME THAT I WOULD BE TRANSPORTED
TO THE VIERA VA. I WAS ALSO TOLD THAT MY "CANADIAN CANE" WAS APPROVED.
MS. CAROL ASKED ME WHEN THE CANE WAS GOING TO BE BROUGHT IN. I SAID
I DID NOT KNOW YET AS THE PHONES IN THE POD WERE BROKEN. I SAID
IF I COULD GET THROUGH POSSIBLY IT WOULD COME SATURDAY. MS CAROL
ADVISED TO HOLD OFF IF I COULD THAT I WOULD BE GOING TO THE VA
"VERY SHORTLEY" OR "VERY SOON". I HAVE YET TO GO AS OF THIS WRITING.
FURTHER MORE, YOU HINTED AROUND ME DROPPING THE CIVIL RIGHTS COMPLAINT
I HAVE AGAINST "ARMOR CORRECTIONAL HEALTH SERVICES INC". I SAID
I WOULD DEPENDING ON THE OUTCOME OF MY VA VISIT. THAT I FELT
MY INJURIES WERE MADE WORST WHEN I WAS BATTERED DURING MY STAY IN
THE HOSPITAL UNIT. ALSO WHEN MS. CAROL DISCOVERED THAT MY PRIOR GRIEVANCES
WERE LOST/DISTROYED PRIOR TO GETTING TO MS CAROL        Charles F Whitesell
SHE GOT COPIES OF THEM FROM ME. SHE STATED               INMATES SIGNATURE
THAT SHE WOULD ANSWER THEM WHICH WAS NOT DONE

RECEIVED BY : (OFFICERS NAME AND ID #)        PR   10/2/7        DATE & TIME  10

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

                                            OFFICER'S NAME AND ID #

WHITE AND YELLOW : CLASIFICATION

B.O.J. 004   REV. RISOGRAPH 01/19/02

**Armor Correctional Health Services, Inc.**

## INMATE HEALTH SERVICE REQUEST

Nombre
Name: _CHARLES F. WHITESELL_          Inmate # : _212068_

Fecha
Date of Request: _09-27-07_

Fecha de Nacimiento
Birth Date: _05-04-55_

Localidad
Housing: _9202_

❋ ATTN  HEAD  NURSE  CAROL

Problema
Problem:
NOTE: 2ND REQUEST. I HAVE MORE PAPERS FOR YOU TO SEE AND MAYBE COPY. ALTHOUGH THE WALKER WAS A GOOD IDEA IT WILL NOT WORK WITH THE BROKEN WRIST. STILL WANT MY CANIDIAN CANE AND WILL WORK WITH REG CANE UNTIL YOU APPROVE IT. BIGGER THAN CANE SMALLER THAN CRUTCH AND SAME MATERIAL. LET ME KNOW IF I NEED A JUDGE FOR THAT? PLEASE TAKE THIS WALKER AWAY.

**Inmate - Do not write below this line.**

PP  9/27/7

Disposition: ☒ Nurse Sick Call   ☐ HCP Sick Call   ☐ Dental Sick Call   ☐ Behavioral Health Referral

☐ Other : _____

Nurse Signature / Title: _____  Date: _____  Time: _____

Armor: PT-005

**Armor Correctional Health Services, Inc.**

## INMATE HEALTH SERVICE REQUEST

*9/14*

Nombre
Name: CHARLES F. WHITESELL          Inmate # : 212068

Fecha
Date of Request: 09-14-07          Fecha de Nacimiento
                                   Birth Date: 05-04-55

Localidad
Housing: 9202

Problema
Problem: FOR THE LAST 3 DAYS I HAVE BEEN TOLD THAT I WAS GETTING A WHEELCHAIR. IT HAS NEVER COME. IT HAS BEEN APPROVED BY THE DOCTOR. MAY I PLEASE HAVE IT. THAT WOULD HELP.

**Inmate - Do not write below this line.**

Disposition:  ☐ **Nurse Sick Call**  ☐ **HCP Sick Call**  ☐ **Dental Sick Call**  ☐ **Behavioral Health Referral**

☐ **Other :**_____

Nurse Signature / Title:_____ Date:_____ Time:_____

Armor: PT-005