UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES F. WHITESELL,

    Plaintiff,

v.                                              Case No. 6:07-cv-1682-Orl-19KRS

BREVARD COUNTY SHERIFF
DEPARTMENT, et al.,

    Defendants.
_____

## ORDER

This case is before the Court on the following matters:

1.     Plaintiff filed a Motion For Joinder (Doc. No. 9, filed November 23, 2007) seeking to add a defendant. In addition, Plaintiff filed an amended complaint wherein he refers to his original complaint and names only the new defendant as a party to the action. It appears that Plaintiff intends to add the new defendant to the case in addition to those previously named. Accordingly, the motion is **GRANTED**.

The amended complaint (Doc. No. 10) is ordered **STRICKEN** and *the Clerk is directed to return it to the submitting party with a copy of this Order*. Within **ELEVEN (11) DAYS** from the date of this Order, Plaintiff shall file an amended complaint, which shall include all of the defendants to this action and how they allegedly violated Plaintiff's civil rights. <u>Failure to do so within this time will result in the dismissal of this action without further notice.</u>

2.     Plaintiff's Amended Motion for Leave to Proceed In Forma Pauperis (Doc. No. 5, filed October 30, 2007) is **DENIED** as moot. On November 1, 2007, the Court ordered Plaintiff to file a fully completed Prisoner Consent Form and Financial Certificate or pay the filing fee within thirty days from the date of the Order. Thus, no further ruling will be made on Plaintiff's Motion to

Proceed In Forma Pauperis until Plaintiff has complied with the Court's November 1, 2007 Order.[1]

3.   Plaintiff's Motion for Appointment of Counsel (Doc. No. 6, filed October 30, 2007) is **DENIED**.  A civil litigant, including a prisoner proceeding *pro se*, has no absolute constitutional right to the appointment of counsel.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Instead, appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel.  *Id*.  In the present case, the Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim.  The Court determines that there are no exceptional circumstances, such as novel or complex facts and legal issues, in this action necessitating the appointment of counsel.  *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).  This is not a complex case and does not raise any new or novel legal issues or facts.  Further, from the pleadings filed in this case, Plaintiff has shown he is capable of prosecuting this action on his own and litigating this action *pro se*.

4.   The Clerk of the Court is directed to mail a civil rights complaint form to Plaintiff along with this Order.

**DONE AND ORDERED** at Orlando, Florida, this 28th day of November, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 11/28
Charles F. Whitesell

---

[1] The Court notes that Plaintiff filed a Notice of Financial Certificate (Doc. No. 11) indicating that he has submitted the Prisoner Consent Form and Financial Certificate to the financial division of the jail, which has not completed the forms.  As such, Plaintiff shall have **FIFTEEN (15) DAYS** from the date of this Order to file the Prisoner Consent Form and Financial Certificate in compliance with the Court's Order of November 1, 2007.  Plaintiff may file a motion for extension of time should he need additional time to comply with the Court's Order.